**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN BUTLER,<br><br>            Petitioner,<br><br>     v.<br><br>UNKNOWN,<br><br>            Respondent. | Case No. 1:14-cv-00645-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO FILE A FIRST AMENDED PETITION NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1)<br><br>ORDER DIRECTING THE CLERK TO SEND TO PETITIONER WITH THIS ORDER A FORM PETITION PURSUANT TO 28 U.S.C. § 2254<br><br>FILING DEADLINE:<br>THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on April 25, 2014, and transferred to this Court from the Sacramento Division on May 1, 2014.

///

1

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson,

440 F.2d 13, 14 (9th Cir. 1971).

II. <u>Failure to Allege Facts Warranting Habeas Relief</u>

Here, Petitioner alleges that she is an inmate of the California Institution for Women located in Corona, California (CIW), serving a sentence of four years imposed for a conviction sustained in October 2011 in the Superior Court of the State of California, County of Madera, which is within the territorial boundaries of this district. Petitioner does not state any legal or factual grounds for relief. Further, Petitioner has failed to name a respondent, and she has not alleged that she exhausted state court remedies.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases; rather, Habeas Rules 2(c), 4, and 5(b) require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility

3

of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition. Mayle v. Felix, 545 U.S. at 655. Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Here, Petitioner fails to allege any legal grounds for relief or any specific facts in support of any claims.

Further, Petitioner has failed to allege facts that would enable this Court to determine the appropriate venue of this action. Pursuant to 28 U.S.C. § 2241(d), a state prisoner seeking relief pursuant to § 2254 may proceed in either the district of conviction or the district of confinement. However, petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). A court should further consider traditional considerations of venue, such as the convenience of

parties and witnesses and the interests of justice. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 495 (1973).

Here, the uncertainty of Petitioner's claims has prevented the Court from determining the correct venue for this action.

Because Petitioner has failed to include any statement of legal grounds for relief or any supporting facts, her petition must be dismissed. However, it is possible that Petitioner could state legal grounds and supporting facts that would entitle her to relief. Accordingly, the petition will be dismissed as uncertain, but Petitioner will be given leave to file an amended petition.

III. <u>Naming a Proper Respondent</u>

Petitioner failed to name a respondent. (Pet., doc. 1, 1.) The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden of CIW, where Petitioner is incarcerated, is Kimberly Hughes.[1]

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him or her as the respondent to the petition. Habeas Rule 2(a); <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. <u>Brittingham v. United States</u>, 982

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d at 360.  However, the chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also appropriate.  Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent may require dismissal of her habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction.  See, Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  This Court must ask sua sponte whether the respondent who is named has the power to order the petitioner's release.  If not, the Court may not grant effective relief, and thus it should not hear the case unless the petition is amended to name a respondent who can grant the desired relief.  Id. However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of her institution of confinement.  See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).

### IV.  Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by

providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

7

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001). Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims.  Rasberry, 448 F.3d at

1154.

Here, Petitioner has failed to allege exhaustion of state court remedies. However, Petitioner will have the opportunity to inform the Court of her efforts to exhaust state court remedies in an amended petition.

### V. Amendment of the Petition

The instant petition must be dismissed for the reasons stated above. Petitioner will be given leave to file a first amended petition to cure the deficiencies. Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition form with cognizable federal claims clearly stated) within the allotted time will result in dismissal of the petition and termination of the action. Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action. Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

The Clerk will be directed to send to Petitioner a blank form petition for a proceeding pursuant to § 2254.

### VI. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with

9

1 this order; and

2     3) The Clerk of the Court is DIRECTED to send Petitioner a form
3 petition pursuant to 28 U.S.C. § 2254.

5 IT IS SO ORDERED.

6    Dated: **May 15, 2014**     /s/ *Barbara A. McAuliffe*
7                                    UNITED STATES MAGISTRATE JUDGE