UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BUTLER,<br><br>             Petitioner,<br><br>     v.<br><br>O'BRAMSKI V. MAASS, etc.,<br><br>             Respondent. | Case No. 1:14-cv-00645-BAM-HC<br><br>ORDER TO PETITIONER TO MOVE TO AMEND THE FIRST AMENDED PETITION TO NAME A NEW RESPONDENT NO LATER THAN THIRTY DAYS AFTER SERVICE OF THIS ORDER<br><br>**FILING DEADLINE:   THIRTY (30) DAYS** |

   Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed on May 8, 2014.  Pending before the Court is the first amended petition (FAP), which was filed on May 27, 2014.

1

I.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>,

2

440 F.2d 13, 14 (9th Cir. 1971).

II. <u>Failure to Name a Proper Respondent</u>

Here, Petitioner alleges that she is an inmate of the California Institution for Women located in Corona, California (CIW), serving a sentence of four years imposed for a conviction sustained in October 2011 in the Superior Court of the State of California, County of Madera, which is within the territorial boundaries of this district. (FAP, doc. 8, 1-2.) Petitioner challenges her conviction on grounds that for the purposes of initial screening are interpreted as encompassing insufficiency of the evidence and disproportionate or cruel and unusual punishment. (<u>Id.</u> at 7.)

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden of CIW, where Petitioner alleges that she is incarcerated, is Kimberly Hughes.[1]

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him or her as the respondent to the petition. Habeas Rule 2(a); <u>Ortiz-</u>

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

1  Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.
2  California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).
3  Normally, the person having custody of an incarcerated petitioner is
4  the warden of the prison in which the petitioner is incarcerated
5  because the warden has "day-to-day control over" the petitioner and
6  thus can produce the petitioner.  Brittingham v. United States, 982
7  F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California
8  Supreme Court, 21 F.3d at 360.  However, the chief officer in charge
9  of state penal institutions, such as the Secretary of the CDCR, is
10 also appropriate.  Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d
11 at 360.
12      Petitioner's failure to name a proper respondent may require
13 dismissal of her habeas petition for a failure to name a person who
14 can produce the petitioner in response to an order of the Court and
15 thereby to secure personal jurisdiction.  See, Smith v. Idaho, 392
16 F.3d 350, 355 n.3 (9th Cir. 2004).  This Court must ask sua sponte
17 whether the respondent who is named has the power to order the
18 petitioner's release.  If not, the Court may not grant effective
19 relief, and thus it should not hear the case unless the petition is
20 amended to name a respondent who can grant the desired relief.  Id.
21      III.  Amendment of the First Amended Petition
22      Petitioner was previously instructed to name a proper
23 respondent in the Court's order dismissing the initial petition with
24 leave to amend; however, Petitioner failed to name a proper
25 respondent and instead gave two case names.  Nevertheless, the Court
26 will give Petitioner another opportunity to cure this defect by
27 amending the petition to name a proper respondent, such as the
28

warden of her institution of confinement.  See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).

In the interest of judicial economy, Petitioner need not file an amended petition in the form of a separate document.  Instead, Petitioner may simply file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent," wherein Petitioner may name the proper respondent in this action.  The action may then proceed on the presently filed petition.

IV.   Disposition

Accordingly, it is ORDERED that Petitioner is GRANTED thirty (30) days after the date of service of this order in which to file a motion to amend the instant petition to name a proper respondent. Failure to amend the petition and state a proper respondent may result in dismissal of the petition for failure to name as respondent a person with the power to produce the Petitioner.

IT IS SO ORDERED.

Dated:   **November 4, 2014**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE