**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN BUTLER,<br><br>            Petitioner,<br><br>     v.<br><br>O'BRAMSKI V. MAASS, etc.,<br><br>            Respondent. | Case No. 1:14-cv-00645-BAM-HC<br><br>ORDER TO PETITIONER TO MOVE TO AMEND THE FIRST AMENDED PETITION TO NAME A NEW RESPONDENT NO LATER THAN THIRTY DAYS AFTER SERVICE OF THIS ORDER<br><br>**FILING DEADLINE: THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed on May 8, 2014. Pending before the Court is the first amended petition (FAP), which was filed on May 27, 2014.

1

I.   Background

In the Court's order dismissing the initial petition with leave to amend, Petitioner was instructed to name a proper respondent. However, in the FAP, Petitioner failed to name a proper respondent and instead gave two case names. Nevertheless, the Court gave Petitioner another opportunity to cure this defect by amending the FAP to name a proper respondent, such as the warden of her institution of confinement. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). On November 5, 2014, the Court directed Petitioner to name a proper respondent, such as Kimberly Hughes, Warden at the California Institution for Woman (CIW) at Corona, California.

The Court's order was returned in the mail, and thereafter on December 17, 2014, Petitioner filed a change of address from the CIW to the Central California Women's Facility (CCWF) at Chowchilla, California. Although the Court's order of November 5 was reserved on Petitioner, it expressly instructed Petitioner to name Kimberly Hughes as Respondent. However, Warden Hughes is no longer the custodian of Petitioner, who is housed at CCWF, where the warden is Deborah K. Johnson, according to the official website of the California Department of Corrections and Rehabilitation (CDCR).[1]

In order to avoid confusion, the Court issues this order to Petitioner to name a proper respondent within thirty days. Further, in the interest of judicial economy, Petitioner need not file an amended petition in the form of a separate document. Instead,

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

Petitioner may simply file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent," wherein Petitioner may name the proper respondent in this action. The action may then proceed on the presently filed petition.

Petitioner is forewarned that a failure to name a proper respondent could result in dismissal of the habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction. See, Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004). This Court must ask sua sponte whether the respondent who is named has the power to order the petitioner's release. If not, the Court may not grant effective relief, and thus it should not hear the case unless the petition is amended to name a respondent who can grant the desired relief. Id.

Further, a failure to comply with the Court's order could result in dismissal as a sanction. A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court, federal statute, and the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991). Further, sanctions may be warranted when there has been conduct that is reckless or in bad faith. Zambrano v. City of Tustin, 885 F.2d 1473, 1478-80 (9th Cir. 1989); New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989).

III.   Disposition

Accordingly, it is ORDERED that Petitioner is GRANTED thirty (30) days after the date of service of this order in which to file a motion to amend the FAP to name a proper respondent.

Petitioner is INFORMED that failure to amend the FAP to name a proper respondent may result in dismissal of the FAP for failure to comply with the Court's order and failure to name as respondent a person with the power to produce the Petitioner.

IT IS SO ORDERED.

Dated:   **February 12, 2015**                    /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE