UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BUTLER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DERRAL ADAMS, Warden,<br><br>　　　　　Respondent. | No. 1:14-cv-00645-SKO  HC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　Petitioner Karen Butler is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.¹  Petitioner, who was sentenced to four years in prison for possession of a weapon in her cell (a "lock in a sock" or "slung-shot"), raises three grounds for relief: (1) wrongful conviction, (2) excessive sentence, and (3) omission of jury instruction on self-defense.  Having reviewed the record as a whole and applicable law, the Court denies the petition.

**I.　　Factual Background**

　　　　On the evening of February 14, 2011, Petitioner was confined in a cell with seven other inmates.  Petitioner, who had been housed in that cell for less than two weeks, considered three

---

¹ Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

Hispanic cell mates to be bullies. Although Petitioner did not speak Spanish, another cell mate translated the bullies' derogatory and threatening comments about Petitioner, the only African-American inmate housed in that cell.

Petitioner sought to use the only table in the cell for her studies. According to Petitioner, custom decreed that, as the first person to request the table's use, Petitioner was entitled to use it. After the bullies challenged Petitioner's use of the table, an argument ensued in which the three bullies, at least one of whom was much larger that Petitioner,[2] threatened to assault her. At some point, one of the bullies shoved Petitioner into a locker, bruising her upper right arm, and another bully scratched petitioner's back.

Petitioner summoned Correctional Officer Alicia Benafield and asked to speak with the sergeant. Petitioner perceived that she would be labelled as a "snitch" if she complained to Benafield about the bullying in front of her cell mates. Benafield told Petitioner she could not contact the sergeant until Benafield completed the count, which was to begin in a few minutes. Petitioner knew the count generally lasted 20 to 25 minutes.

Petitioner then went to her bunk, removed the lock from her drawer, and put the lock in one of her socks. Petitioner knew that displaying the "lock in a sock" would cause her to be removed from her cell. Petitioner went to the front of the cell and put the lock against the sell window, making a clanking sound audible to correctional officers standing nearby. When Benafield responded, Petitioner again demanded to see the sergeant and threatened to hit the three bullies. At Benafield's direction, petitioner "proned out" and was removed from the cell.

Petitioner told the sergeant that if she was returned to the cell, she would again do something that would require officers to remove her from the cell. A prison nurse examined

///

---

[2] Petitioner was 4 feet, eleven inches tall and weighted 112 pounds. On the night of the incident, she was 47 years old.

Petitioner and observed the minor bruise and scratches.  Petitioner told the nurse that she would hurt the others before she would let them hurt her.

## II. **Procedural Background**

On April 11, 2011, the Madera County District Attorney filed a criminal complaint charging Petitioner with one count of violating California Penal Code § 4502(b), unlawful manufacture of a lock in a sock.  A special allegation reported that Petitioner had one prior felony strike, arising from the 2004 robbery (Cal. Penal Code § 211) for which she was then incarcerated.  Tried before a jury in Madera County Superior Court, Petitioner was convicted of the charge on October 6, 2011.  On November 4, 2011, the Superior Court sentenced Petitioner to an aggregate term of four years' imprisonment.

On June 11, 2012, Petitioner filed a direct appeal with the California Court of Appeal, contending that (1) the trial court erred in failing to permit Petitioner to assert a limited claim of self defense and to instruct on self defense, and (2) counsel was ineffective in failing to assert self-defense.  The appellate court affirmed the conviction on March 8, 2013.  On April 10, 2013, Petitioner filed a petition for review with the California Supreme Court.  The Supreme Court denied review on June 12, 2013.

Petitioner filed a habeas petition in this Court on April 25, 2014, and an amended petition on May 27, 2014.

## III. **Standard of Review**

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000).  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter.  *Lindh v. Murphy*, 521 U.S. 320,

3

322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because Petitioner filed it after April 24, 1996.

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. The Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*,

4

537 U.S. 19, 24 (2002).  The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent.  *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Lockyer*, 538 U.S. at 75-76.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable.  *Harrington*, 562 U.S. at 102.

**IV.     Grounds One and Three: Self-Defense**

Petitioner proceeds *pro se*, and the petition in this case is inartfully drafted.  No statement is made of the first ground for relief; the petition merely provides supporting facts alleging that conviction was unjust because Petitioner constructed the lock in a sock in self defense and never used it to hurt anyone.  The petition also includes photocopied pages from Petitioner's opening brief in her direct appeal to the California Court of Appeal.  Respondent interprets these two aspects of the petition as alleging a sentencing claim (ground one) and an instructional error claim (ground three).  The Court disagrees and finds these two grounds to be Petitioner's effort to restate the first claim of her direct appeal: "The trial court's failure to *sua sponte* instruct the jury that a limited claim of self-defense applied in this case, denied appellant the right to present a defense in violation of her constitutional right to present a defense and to due process of law."  Lodged Doc. 4.

///

Citing California case law, Petitioner argued in her direct appeal that the trial court had a duty to provide self-defense instructions on its own motion since California Penal Code § 4052 supports a self-defense theory that an inmate took possession of a weapon to prevent imminent harm. The state court rejected Petitioner's argument.[3]  The court found that Petitioner never claimed to have armed herself in self-defense, but testified that she constructed and displayed the lock in a sock so that the correctional officers would remove her from the cell.  The court added that, in any event, Petitioner could not have claimed self-defense because she had the alternative of requesting assistance from the correctional officers in lieu of arming herself.

Claimed jury instruction errors rise to the level of a constitutional error only if they deprived the Petitioner of due process under the Fourteenth Amendment.  *Cupp v. Naughten*, 414 U.S. 141, 146 (1973).  A reviewing federal court must evaluate the alleged error in the context of the trial as a whole.  *Id.* at 147.  It must keep in mind that the U.S. Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process clause has limited operation." *Id.*

After reviewing the record as a whole, specifically including Petitioner's presentation of her defense at trial, the Court concludes that the state court acted reasonably in rejecting Petitioner's self-defense claim on appeal.  Petitioner's testimony very clearly established that she did not construct the weapon to defend herself against the perceived bullies, but to compel the correctional officers to remove her from her cell.  She buttressed her testimony by recounting other examples of her manipulating prison rules to achieve her objectives, specifically her

---

[3] Because the California Supreme Court summarily denied review, the Court must "look through" the summary denial to the last reasoned decision, which is, in this case, the opinion of the California Court of Appeal, Fifth Appellate District.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991).

previously refusing, on multiple occasions, "to lock in" in order to be transferred to administrative segregation ("ad-seg").

## V. Ground Two: Excessive Sentence

As her second ground for relief, Petitioner contends that sentencing her to an additional four years in prison was an excessive punishment for her possessing a lock in a sock. Respondent counters that this Court lacks jurisdiction to address this claim, which was not presented in state court.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Petitioner did not present her sentencing claim in state court. Accordingly, this Court lacks jurisdiction to address it.

///

///

**VI.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate

///

"something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

**VII.   Conclusion**

The Court hereby DENIES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court declines to issue a certificate of appealability. The Clerk of Court is directed to enter judgment for the Respondent.

IT IS SO ORDERED.

Dated:   **February 17, 2017**                         /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE